CLARK WRIGHT, Appellant, v. JOHN VETTER *et al.*,
Respondents.

Kansas City Court of Appeals, May 22, 1893.

Consideration: BILLS AND NOTES: SURETY: RESCISSION: FRAUD. The
defendant gave the note in suit in settlement of another note on which
he believed he was surety and soon thereafter received such other
note and retained it, but offered it back in his answer. *Held:*

(1) As there was nothing in the transaction in the nature of a con-
tract requiring a rescission, the doctrine of *statu quo* did not
apply.

(2) There was no consideration for the note in suit and plaintiff
could not recover.

(3) And though the answer raised the question of false and fraud-
ulent representation plaintiff is not harmed by the omission of
that question in the instruction.

*Appeal from the Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

*Stone, Hoss & King*, for appellant.

(1) The rule is without exception, that, when there
is an attempt to rescind a contract on account of fraud,
the party offering to rescind must, as soon as the fraud
is discovered, return or offer to return the property
received by him in the transaction, and if he does not
do this promptly upon discovery of the fraud he cannot
take advantage of it afterwards. *Crumb v. Wright*, 97
Mo. 13; *Girard v. Car Wheel Co.*, 46 Mo. App. 79;
*Cahn v. Reid & Bungardt*, 18 Mo. App 116; *Hoyt v.
Green*, 33 Mo. App. 205. (2) The instructions given
by the court were not based upon the pleadings, and

were therefore erroneous.   The court ignored entirely the question of fraud, the only issue raised by the pleadings.   *Glass v. Geloin*, 80 Mo. 297.

*Horace H. Blanton* and *Burton & Wight*, for respondents.

(1) No tender was necessary.   It was only given in payment of the note John Vetter was made to believe by appellant he had executed to Henry Wright as security for his son Joe.   The respondents were occupying no position of advantage.   In short, the note in suit was not executed in consideration for the Joe Vetter note, but for the supposed note of defendant, John Vetter.   There was no claim that Joe Vetter had become insolvent since the execution of defendant's note to the plaintiff, or that it was not as collectible at the time of the trial as it ever had been.

ELLISON, J.—This action is on a promissory note. Judgment of the trial court was for defendant.   The defense presented by defendant was that he gave the note with two others in settlement of a certain other note on which it was represented to him he was surety. He was not in fact a surety on the other note.   Therefore the consideration failed and defendant is not liable.

But shortly after defendant executed the note in suit, the note on which he supposed he was surety and which was to be surrendered to him was sent to him and has remained in his possession.   From the fact that he did not return the note, or offer to return it, immediately after he discovered he had not signed it, it is urged that he cannot maintain this defense, notwithstanding he offered or tendered it back in his answer, the argument being that before he can be

VOL. 54—25

permitted to urge his defense he must place the other party in *statu quo* by returning the other note. *Cahn v. Reid*, 18 Mo. App. 116, and other cases are cited in support of this contention. Our opinion is that these cases are not applicable. There was nothing in the nature of a contract in this case requiring rescission and return of property obtained under a contract. The note was neither sold nor pledged to defendant. There was no property right bestowed upon him at his election. The sole question made was as to the consideration of the note. If the defendant executed the note in suit under the belief that he was liable as surety on the other note, and for that reason there was no consideration for his act, and it can make no difference in the result whether he came to believe he was surety by reason of fraudulent representations or otherwise, there would still be no consideration.

The answer set up that defendant was led to believe he was surety on the other note by reason of the false and fraudulent representations of plaintiff's agent. But the court substantially instructed the jury, omitting the question of fraud, that if the note in suit was given by defendant under the belief that he was surety when he was not, and that it was given for the sole purpose of taking up the note upon which he thought he was surety, plaintiff could not recover. The complaint made is that this instruction omitted the question of fraud alleged in the answer. We cannot see how plaintiff is harmed by this. If defendant executed the note only for the reason that he believed he was surety on the original note, when in truth he was not, it is no consequence whether the belief was caused by fraudulent or innocent representations or no representations at all. In our opinion plaintiff's appeal is based upon a theory not applicable to the facts of the case.

The judgment will be affirmed. All concur.